**FILED**

**JULY 25, 2008**
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### WESTERN DIVISION

| | |
|---|---|
| TIMOTHY W. SCHMITT, SR., | ) |
| | ) |
|       Plaintiff, | ) |
|  v. | ) |
| | ) |
| PAMELA MCCORKLE, as trustee of the | ) |
| Timothy W. Schmitt Trust, and executor of the | ) |
| Estate of John W. Schmitt, and WARD, | ) |
| MURRAY, PACE & JOHNSON, P.C., | ) |
| | ) |
|       Defendants. | )  Jury Trial Demanded |

**08 C 50155**

**JUDGE REINHARD**
**MAGISTRATE JUDGE MAHONEY**

## COMPLAINT

Plaintiff, Timothy W. Schmitt, SR., by his attorney, and for his Complaint against defendants, states as follows:

### Parties, Jurisdiction and Venue

1.     Plaintiff Timothy W. Schmitt, SR., ("Schmitt") is a citizen of and resides in the State of Arizona. Schmitt is an heir of the Estate of John W. Schmitt, the beneficiary of the Timothy W. Schmitt Trust, and a limited partner of John W. Schmitt Partners, L.P.

2.     Defendant Pamela McCorkle ("McCorkle") is a citizen of and resides in the State of Wisconsin. At all relevant times, McCorkle was an executor of the Estate of John W. Schmitt, the trustee of the Timothy W. Schmitt Trust, an Illinois trust, and controlled the general partner of John W. Schmitt Partners, L.P., an Illinois limited partnership.

3.     Defendant Ward, Murray, Pace & Johnson, P.C. ("Ward") is an Illinois professional corporation with its principal places of business in Illinois. At all relevant times, Ward represented the Estate of John W. Schmitt, the trustee of the Timothy W. Schmitt Trust, and John W. Schmitt Partners, L.P.

4.     Subject matter jurisdiction exists based on diversity of citizenship pursuant to 28 U.S.C. Section 1332(a).  Plaintiff and defendants are citizens of different States and the amount in controversy exceeds $75,000.00.  Personal jurisdiction exists because defendants reside in this district and do business in Illinois.

5.     Venue is proper in this Court because the transactions complained of occurred in this judicial district and defendants do continuous and systematic business in this judicial district.

<u>Facts Common to All Counts</u>

8.     McCorkle, a sister of Schmitt, is the executor of the Estate of John W. Schmitt ("Estate"), an Illinios estate.  McCorkle also serves as trustee of the Timothy W. Schmitt Trust (the "Trust").  Schmitt is the beneficiary of the Trust.

9.     The principal asset of the Estate is John W. Schmitt Partners, L.P. (the "Limited Partnership").  McCorkle controls the general partner of the Limited Partnership.  Schmitt is an heir of the Estate.

10.     At all relevant times, Ward represented the Estate, the Limited Partnership and McCorkle in her roles as trustee.

11.     Schmitt owned a 6.69% limited partner interest in the Limited Partnership.

12.     Schmitt entered into a Redemption Agreement dated July 31, 2006, pursuant to which the Limited Partnership redeemed 6.5% of his limited partnership interest.  A true and correct copy of the Redemption Agreement is attached hereto as Exhibit A.

13.     The Limited Partnership redeemed Schmitt's limited partnership interest for $230,989.20, which was 53% less than what the Estate had determined was the fair value of the Limited Partnership.

14.     Neither McCorkle nor Ward disclosed to Schmitt how the fair value of the

2

Limited Partnership was calculated or how the substantial discounts were calculated prior to the Redemption Agreement.

13.     Several months after entering into the Redemption Agreement, defendants disclosed to Schmitt the Estate tax return, which reflected the fair value and explained how defendants had discounted the value of Schmitt's 6.5% limited partnership interest by over 50%.

14.     Defendants have not disclosed to Schmitt information concerning the financial condition of the Limited Partnership or the Timothy Trust.

**<u>Count I – Breach of Fiduciary Duty</u>**
(Pamela McCorkle and Ward, Murray, Pace & Johnson, P.C.)

15.     Plaintiff adopts and incorporates by reference the allegations of paragraphs 1 – 14 as if fully re-stated herein.

16.     McCorkle, as trustee and executor, owed fiduciary duties to Schmitt, the beneficiary of the Trust and heir of the Estate.

17.     Ward, as lawyer of the Estate and for the trustee, owed fiduciary duties to Schmitt, heir of the Estate and beneficiary of the Trust.

18.     By virtue of their fiduciary relationships, defendants owed the fiduciary obligations of good faith, trust, loyalty, and due care and were required to deal with Schmitt with full candor and fairness.

19.     Ward was required to exercise reasonable competence and skill when providing legal services benefiting Schmitt.

20.     As heir of the Estate and beneficiary of the Trust, Schmitt was an intended beneficiary of Ward's services.

21.     Defendants breached their fiduciary duties to Schmitt by one or more of the

following acts or omissions:

      a.    failing to fully disclose all relevant facts and financial information concerning the Limited Partnership prior to the redemption of Schmitt's limited partnership interest;

      b.    failing to deal fairly with Schmitt in entering into the Redemption Agreement;

      c.    redeeming Schmitt's 6.5% limited partnership interest for approximately 47% of the fair value of that interest;  and

      d.    failing to disclose to Schmitt the basis for the 53% reduction in value of his limited partnership interest.

23.    Schmitt was underpaid by 53% of the value of his limited partnership interest as a result of defendants' conduct and representations.  The purported Buyer's Discount and discounts for lack of marketability and minority interest were improperly calculated and lacked any factual or legal foundation.

24.    Defendants' breach of their fiduciary duties was a proximate cause of Schmitt's damages.  Schmitt was underpaid for his limited partnership interest by $259,234.60.

WHEREFORE, plaintiff Timothy Schmitt prays that judgment be entered on his behalf and against defendants in an amount to be proven at trial, plus prejudgment interest and costs, and that the Court award them any further relief that it deems just.

## Count II – Professional Negligence
(Ward, Murray, Pace & Johnson, P.C.)

25.    Plaintiff adopts and incorporates by reference the allegations of paragraphs 1 - 24 as if fully re-stated herein.

26.    Defendant Ward had a duty to communicate accurate information to Schmitt and a duty to exercise competence, reasonable care, and skill when rendering its services to the

Estate and Trust for the benefit of Schmitt as heir and beneficiary.

27.    Ward failed to disclose full financial information concerning the Trust, Limited Partnership and Estate to Schmitt prior to the Redemption Agreement.  Specifically, Ward failed to disclose the basis for the fair value calculation of the Limited Partnership and that the Limited Partnership had purported to discount Schmitt's 6.5% interest for an alleged "Buyer's Discount" in addition to an alleged minority discount and lack of marketability discount.

28.    Under Illinois law, in a redemption transaction no discount for lack of marketability or minority interest is allowed.  Ward failed to advise Schmitt of such Illinois law.

29.    In addition, the purported Buyer's Discount duplicated the purported lack of marketability discount and was unwarranted under Illinois law.

30.    By failing properly to advise Schmitt and by failing fully disclose all relevant financial information regarding the Limited Partnership, Ward breached a duty of care.  Ward owed such a duty to Schmitt, as intended beneficiary of Ward's services.

31.    As a proximate result of Ward's breach of the duty of care, Schmitt was underpaid for his limited partnership interest by over $250,000.

WHEREFORE, plaintiff Timothy Schmitt requests that this Honorable Court enter judgment against defendant Ward, in an amount which will fairly and adequately compensate him, plus prejudgment interest, costs and any other additional relief the Court deems just.

## <u>JURY DEMAND</u>

Plaintiff demands a trial by jury on all issues triable by jury.

| | |
|---|---|
| Nancy A. Temple | Respectfully submitted, |
| Katten & Temple, LLP | Timothy Schmitt |
| 542 S. Dearborn, Suite 1310 | By: <u>s/Nancy A. Temple</u> |
| Chicago, IL 60605 | One of his Attorneys |
| (312) 663-0800 | |

5

**08 C 50155**

## JOHN W. SCHMITT PARTNERS, L.P.
### REDEMPTION AGREEMENT

WHEREAS, TIMOTHY W. SCHMITT owns a six and one-half percent interest (or 6.5 units) of JOHN W. SCHMITT PARTNERS, L.P., (hereinafter "the Partnership") and has expressed a desire that his interest be redeemed by the Partnership; and

WHEREAS, both the remaining Partners of the Partnership and the members of the JOHN W. SCHMITT MANAGEMENT COMPANY, LLC, (hereinafter "the Management Company") the General Partner of the Partnership have agreed to redeem the interest of TIMOTHY W. SCHMITT on the terms hereinafter set out.

It Is Hereby Agreed between TIMOTHY W. SCHMITT, Individually, the remaining Partners of the Partnership, and JOHN W. SCHMITT MANAGEMENT COMPANY, LLC, as the General Partner thereof, as follows:

1.    TIMOTHY W. SCHMITT will assign his six and one-half percent interest (6.5 units) OF JOHN W. SCHMITT PARTNERS, L.P., to JOHN W. SCHMITT PARTNERS, L.P. for the gross sum of TWO HUNDRED THIRTY THOUSAND NINE HUNDRED EIGHTY-NINE DOLLARS TWENTY-TWO CENTS ($230,989.22) which reflects the valuation per unit all parties believe to be accurate for the value of the six and one-half percent minority interest in the Partnership of TIMOTHY W. SCHMITT.

2.    The General Partner, JOHN W. SCHMITT MANAGEMENT COMPANY, LLC, will cause the Partnership to pay said sum to or for the benefit of TIMOTHY W. SCHMITT as hereinafter set out.

3.    TIMOTHY W. SCHMITT presently owes to FIFTH THIRD BANK, Sterling, Illinois, the sum of $49,021.73 plus unpaid finance charges to date of payment plus finance charges paid by the Partnership secured by the line of credit of the Partnership. TIMOTHY W. SCHMITT directs the Management Company to pay from the above-stated sale price the principal obligation plus unpaid finance charges to date of payment to FIFTH THIRD BANK to pay said outstanding obligation in full and to deduct and retain any finance charges previously paid by the Partnership on his behalf.

4.    The Management Company agrees to pay the remaining balance of the purchase price in one sum to TIMOTHY W. SCHMITT or as he otherwise directs concurrently with the payment to FIFTH THIRD BANK.

5.    In exchange for said payments, TIMOTHY W. SCHMITT will assign his six and one-half percent interest in the Partnership to the Partnership.

-1-



**EXHIBIT**

A

6. By the parties signatures hereto, all Partners of JOHN W. SCHMITT PARTNERS, L.P. and all Members of the Management Company consent to and approve the above transaction and direct that it shall be completed as soon as possible following the signing by all parties of this Agreement or a counterpart thereof, but in no event later than fourteen days from the date of the last signing of this Agreement. All said parties further agree to execute a formal JOHN W. SCHMITT PARTNERS, L.P. assignment and amendment agreement to accomplish the above transfers.

Dated this _31_ day of July, 2006.

**MEMBERS–THE MANAGEMENT COMPANY:**

*Pam S. McCorkle*
Pam S. McCorkle, Individually
and as Sole Trustee in regard
to the interest held in the
John W. Schmitt QTIP Trust under
the Marie A. Schmitt Trust Dated
December 7, 1984
Member – Units Held – 43

*Pam S. McCorkle*
Pam S. McCorkle, Individually
Member – Units Held – 18

*Mary Iva Rangel*
Mary Iva Rangel
Member – Units Held – 13

*Teresa A. Schmitt*
Teresa A. Schmitt
Member – Units Held – 13

*Timothy W. Schmitt*
Timothy W. Schmitt
Member – Units Held – 13

**LIMITED PARTNERS:**

*Pam S. McCorkle*
Pam S. McCorkle, as Trustee of
the John W. Schmitt Trust Dated
December 7, 1984
Partner – Units Held – 31.9

*Pam S. McCorkle*
Pam S. McCorkle, as Trustee of
the John W. Schmitt QTIP Trust
under the Marie A. Schmitt
Trust Dated December 7, 1984
Partner – Units Held – 27.9

*Pam S. McCorkle*
Pam S. McCorkle, as Trustee of
the Timothy W. Schmitt Trust
under the Marie A. Schmitt
Trust Dated December 7, 1984
Partner – Units Held – 3.5

*Teresa A. Schmitt*
Teresa A. Schmitt
Partner – Units Held – 10

*Pam S. McCorkle*
Pam S. McCorkle
Partner – Units Held – 10

*Mary Iva Rangel*
Mary Iva Rangel
Partner – Units Held – 10