IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

TIMOTHY W. SCHMITT, SR., )
)
       Plaintiff, )
)
v. ) NO. 08 C 50155
)
PAMELA MC CORKLE, as trustee )
of the Timothy W. Schmitt Trust, and )
executor of the Estate of John W. Schmitt, )
and WARD, MURRAY, PACE & )
JOHNSON, P.C., )
)
       Defendants. )

### ANSWER OF WARD, MURRAY, PACE & JOHNSON, P.C.

NOW COMES Ward, Murray, Pace & Johnson, P.C. (WMPJ), by Bozeman, Neighbour, Patton & Noe, LLP, its attorneys, and by way of answer states:

#### Parties, Jurisdiction and Venue

1. Denies that the Estate of John W. Schmitt was probated, that Timothy W. Schmitt (Schmitt) is an heir of the Estate or a limited partner of John W. Schmitt Partners, L.P. and admits the balance of the allegations of paragraph 1.

2. Admits that Pamela McCorkle (McCorkle) is a citizen of Wisconsin and is trustee of the Timothy W. Schmitt Trust and denies each and every other allegation of paragraph 2.

3. Admits that WMPJ is an Illinois professional corporation with its principal place of business in Illinois and states that at all relevant times Philip H. Ward, Jr., who is Of

Counsel to the firm, represented the trustee of the Timothy W. Schmitt Trust and John W. Schmitt Partners, L.P. and denies the balance of the allegations of paragraph 3.

4. Admits.

5. Admits.

## Facts Common to All Counts

6. (Paragraph 6 omitted from Complaint).

7. (Paragraph 7 omitted from Complaint).

8. Admits that McCorkle is the sister of the plaintiff and trustee of the Timothy W. Schmitt Trust and that Schmitt is the beneficiary of said Trust; all other allegations of paragraph 8 are denied.

9. Denies each and every allegation of paragraph 9.

10. States that at all relevant times Philip H. Ward, Jr., who is Of Counsel to the firm, represented the trustee of the Timothy W. Schmitt Trust and John W. Schmitt Partners, L.P. and denies the balance of the allegations of paragraph 10.

11. Denies each and every allegation of paragraph 11.

12. Admits that Schmitt, who was represented by Jay R. Eaton, an attorney and CPA, entered into the subject Redemption Agreement.

13. Admits the limited partner redeemed Schmitt's limited partnership interest for $230,989.20 and denies each and every allegation of paragraph 13.

14. Denies each and every allegation of paragraph 14.

15. (Erroneously denominated 13). Denies each and every allegation of paragraph 13.

16. (Erroneously denominated 14). Denies each and every allegation of paragraph 14 and states that all requested information was provided.

## COUNT I – Breach of Fiduciary Duty

15. Repeats and realleges its answers to paragraphs 1 through 16 (denominated 1-14) as though fully set forth.

16. Denies that McCorkle was executor and that Schmitt was heir of the Estate and admits the remaining allegations of paragraph 16.

17. Denies each and every allegation of paragraph 17.

18. Denies each and every allegation of paragraph 18 and affirmatively states that at all times Schmitt was represented by his own attorney/CPA, Jay R. Eaton.

19. States that at all relevant times Philip H. Ward, Jr., who is Of Counsel to the firm, represented the trustee of the Timothy W. Schmitt Trust and John W. Schmitt Partners, L.P. and denies the balance of the allegations of paragraph 19.

20. Denies each and every allegation of paragraph 20.

21. Denies each and every allegation of paragraph 21, including subparagraphs a – d thereunder.

22. (Paragraph 22 omitted from Complaint).

23. Denies each and every allegation of paragraph 23.

24. Denies each and every allegation of paragraph 24.

## Separate or Affirmative Defenses

1. Count I, although captioned Breach of Fiduciary Duty, attempts to state a cause of action for fraudulent concealment but the Complaint fails to allege the elements, of common law fraud.

2. No fiduciary relationship existed between the WMPJ and the plaintiff who was represented by an attorney/CPA with regard to the redemption transaction.

WHEREFORE Defendant WMPJ demands judgment in bar of plaintiff's action against it at plaintiff's costs.

## COUNT II - Professional Negligence

25. Repeats and realleges its answers to what is denominated paragraphs 1 – 24 as though fully set forth.

26. Denies each and every allegation of paragraph 26.

27. Denies each and every allegation of paragraph 27.

28. Denies each and every allegation of paragraph 28.

29. Denies each and every allegation of paragraph 29.

30. Denies each and every allegation of paragraph 30 and further states that the WMPJ owed Schmitt no duty because no attorney-client relationship existed between said parties.

31. Denies each and every allegation of paragraph 31.

WHEREFORE, Defendant WMPJ demands judgment in bar of plaintiff's action against it at plaintiff's costs.

**DEFENDANT WARD, MURRAY, PACE & JOHNSON, P.C. DEMANDS A JURY TRIAL.**

WARD, MURRAY, PACE & JOHNSON, P.C.,
Defendant

/s/ James R. Patton
By _____
For Bozeman, Neighbour, Patton & Noe, LLP
Its Attorneys

Robert J. Noe  2057131
James R. Patton  6188846
William P. Rector  6195759
BOZEMAN, NEIGHBOUR, PATTON & NOE, LLP
Fifth Avenue Building
1630 Fifth Avenue
P.O. Box 659
Moline, IL  61266-0659
Phone:		309-797-0850
Fax:		309-764-1485
E-Mail:		jpatton@bnpn.com

## CERTIFICATE OF SERVICE

I do hereby certify on **SEPTEMBER 4, 2008**, I electronically filed the foregoing document with the Clerk of Court using the CM/ECF system, which I understand sends notification of such filing to counsel of record:

    Nancy A. Temple
    Katten & Temple, LLP
    542 S. Dearborn Ste 1310
    Chicago IL 60605-1535

By:  /s/ James R. Patton
_____
James R. Patton
IL ARCD #6188846